UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-144 (DWF)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TRAVIS MAGDALENA SCOTT, )<br>)<br>Defendant. ) | **GOVERNMENT'S SUPPLEMENTAL POSITION REGARDING SENTENCING** |

The United States of America, by and through its attorneys, John R. Marti, Acting United States Attorney for the District of Minnesota, and Timothy C. Rank, Assistant United States Attorney, hereby submits its supplemental position regarding sentencing.

The facts of this case, including the astounding post-plea conduct of the defendant, are well-described in the Revised Presentence Investigation Report (herein "PSR"). The government agrees with both the PSR's factual statement and its conclusion that the total adjusted offense level under the sentencing guidelines is 32 and defendant's guidelines range is 151 to 188 months in prison.

The defendant has shown himself to be a person with a limitless capacity for deceit. He has shown this through his multi-year criminal history of small-time fraud; through the audacious, multi-million dollar fraud for which he was convicted in this case; and through the sophisticated and calculated deceptions he perpetrated when he faked his own death, fled the country, and assumed a false identity. The defendant's conduct tells the Court who he is, and, more important, how he will behave in the future. Indeed, there is very

1

little question that the defendant will engage in fraud once again whenever he is released from prison. The Court should ensure that it will be a very long time before he is given that opportunity.

Because of the defendant's near-certain recidivism, the government considered very seriously seeking an upward variance in this matter. The Court would be well within its discretion in sentencing the defendant above the guidelines range, both because a 2-level adjustment for obstruction seems meager when assessing the scope of defendant's obstructive conduct in this case, and because defendant's demonstrated track record of manipulation and deception go to the heart of Section 3553(a). Pursuant to 18 U.S.C. §3553(a)(2)(C), the Court must consider as part of an appropriate sentence the need for the sentence imposed . . . to protect the public from further crimes of the defendant." In addition, 18 U.S.C. §3553(b)(1) provides that the Court may vary upward where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

Although the Court would certainly be justified in varying upward, the government believes that a sentence at the very top of the adjusted guidelines range, but no less, would be sufficient to reflect the seriousness of the defendant's offense, to protect the public from his future criminal conduct, to promote respect for the law, and to provide just punishment for the offense, as well as to deter the defendant and others from engaging in similar acts in the future. Accordingly, the United States respectfully asks that the defendant be

sentenced to a term of 188 months in prison.

Dated:   November 17, 2013

                                            Respectfully Submitted,

                                            JOHN R. MARTI
                                            United States Attorney

                                            *s/ Timothy C. Rank*

                                            BY:   TIMOTHY C. RANK
                                            Assistant U.S. Attorney